THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHYKIA NELSON

    PLAINTIFFS                                      Case No.:

v.

KEEP SMILING DENTAL PA

    DEFENDANT.

_____/

## COMPLAINT

Plaintiff, by and through her undersigned counsel, brings this action for damages against Defendant, Keep Smiling Dental PA. Plaintiff sues Defendant pursuant to 42 U.S.C. § 1981 to recover damages for the racial discrimination and retaliation she suffered while employed by Defendant. Specifically, Plaintiff is a Black female and was assaulted by Defendant's White employee because of Plaintiff's race. Plaintiff called the local police to report the racially discriminatory hate crime and Plaintiff was terminated by Defendant for reporting the race discrimination and hate crime to the local police. In further support of her claims, Plaintiff states as follows:

### Parties

1.    Plaintiffs, Shykia Nelson, is a qualified Black female and was employed by Defendant for one year as a dental assistant in Clearwater, Florida.

2.    Defendant is a for-profit, domestic corporation operating as dental office in Clearwater, Florida.

3. Plaintiff worked for Defendant in Clearwater, Florida as a dental assistant from July 2017 until her wrongful termination in November 2019.

## Jurisdiction

4. Plaintiff is domiciled in Pinellas County, Florida.

5. Defendant is a corporation domiciled in Pinellas County, Florida.

6. Defendant conducts business and employed Plaintiff in Pinellas County, Florida.

7. All material events occurred in Pinellas County, Florida.

8. This lawsuit has been filed in a timely manner.

9. All prerequisites have been satisfied.

10. Plaintiff is a qualified Black female and, therefore, a member of a protected class due to her race.

11. Defendant is an employer subject to 42 U.S.C 1981.

12. Plaintiff is entitled by virtue of 42 U.S.C. 1981 to be protected from racial discrimination and is further entitled to be free from retaliation in the workplace for reporting to their employer Plaintiff's race-based discrimination related complaints.

## General Factual Allegations

13. Plaintiff was employed by Defendant as a dental assistant from approximately July 18, 2018 until November 15, 2019.

14. As a dental assistant, Plaintiff was responsible for assisting Defendant's dentists in performing routine dental practices.

15. As a dental assistant, Plaintiff was under the supervision of Defendant's "lead dental assistant."

16. Defendant's lead dental assistant is a White female and Plaintiff is a Black female.

17. From the time of Plaintiff's hire and continuing until her wrongful termination, Defendant's White lead dental assistant discriminated against, harassed, and belittled Plaintiff on account of Plaintiff's race.

18. Specifically, Defendant's lead dental assistant routinely belittled Plaintiff because of Plaintiff's race and assigned Plaintiff to undesirable jobs and assignments due to Plaintiff's race.

19. Defendant's lead dental assistant did not belittle any non-Black dental assistants.

20. In fact, Plaintiff was the only Black dental assistant in Defendant's employ during the entire time of Plaintiff's employment with Defendant.

21. Plaintiff objected to the racially discriminatory treatment by Defendant's lead dental assistant.

22. On or about November 14, 2019, Plaintiff spoke directly with Defendant's White lead dental assistant and Plaintiff made a good faith objection to the racially discriminatory treatment towards Plaintiff.

23. In response to Plaintiff's good faith objection to the White lead assistant's discriminatory treatment, the White lead assistant backhand slapped Plaintiff across the face in full view of Defendant's owner and other employees.

24. The White lead assistant slapped Plaintiff with such brutality and force that it caused Plaintiff's face to bruise and swell.

25. Immediately after the White dental assistant slapped Plaintiff, Plaintiff was in fear for her safety.

26. The racial discrimination had reached a crescendo and Plaintiff immediately called the police to report a hate crime and a racially motivated attack on her person by Defendant's white employee.

27. The pure depravity of the White dental assistant's attack on Plaintiff was completely unexpected by Plaintiff and unprovoked by Plaintiff.

28. Indeed, the White lead assistant had not physically assaulted any non-Black employees in Defendant's office, only Plaintiff.

29. Defendant terminated Plaintiff's employment in response to Plaintiff calling the police to report a racially motivated crime.

30. Specifically, Defendant's dentist told Plaintiff she was being fired "because you called the police."

31. Plaintiff's intention in calling the police was to complaint about, object to, and report racial discrimination and a racially motivated assault on Plaintiff's person by Defendant's White employee.

32. Prior to Plaintiff calling the police to report racial discrimination, Plaintiff was in good standing with Defendant and had no expectation of termination.

33. Defendant retaliated against Plaintiff for objecting to racial discrimination in the workplace.

34. Defendant did not terminate the White employee who slapped Plaintiff.

35. Plaintiff was damaged emotionally and financially as a direct result of Defendant's wrongful termination.

**Count One**
**Race Discrimination in violation of 42 U.S.C. 1981**

36. Plaintiffs hereby incorporates and re-alleges 1-3, above.

37. Plaintiffs is a Black female and is therefore a member of a protected class due to her race.

38. Plaintiff was the only Black employee employed by Defendant during Plaintiff's employment with Defendant.

39. Plaintiff worked under the direct supervision of Defendant's lead dental assistant who is a White female.

40. Defendant consistently and habitually treated Plaintiff in a less favorable manner than non-Black employees in Defendant's workplace.

41. Defendant treated Plaintiff in a less favorable manner than non-Black employees because Plaintiff is a Black female.

42. Plaintiff NELSON was entitled to be treated in the same manner as non-Black employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Black employees in Defendant's workplace.

43. 42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place.

44. Plaintiff reported and objected to the racially disparate workplace which Plaintiff was subjected while employed by Defendant.

45. Under 42 U.S.C. 1981, Defendant was not permitted to subject Plaintiff to a racially disparate workplace.

46. Despite the provisions of 42 U.S.C. 1981, Defendant both subjected Plaintiff to a racially hostile work place in violation of 42 U.S.C. 1981 and took adverse employment actions against Plaintiff.

47. Plaintiff was damaged as a direct result of Defendant's discriminatory treatment and retaliation.

## Count Two
### Retaliation in violation of 42 U.S.C. 1981

48. Plaintiffs hereby incorporates and re-alleges 1-35, above.

49. Plaintiff is a Black female and therefore a member of a protected class due to her race.

50. Plaintiff were employed by Defendant until approximately November 15, 2019.

51. Plaintiff was subjected to racially disparate work place environment repeatedly throughout the period of time in which Plaintiff worked for Defendant.

52. Defendant consistently and habitually treated Plaintiff in a less favorable manner than non-black employees in Defendant's workplace.

53. Defendant treated Plaintiff in a less favorable manner than non-Black employees because Plaintiff is a Black female.

54. Plaintiff was entitled to be treated in the same manner as non-Black employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Black employees in Defendant's workplace.

55. 42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place.

56. Plaintiff reported and objected to the racially disparate workplace which Plaintiff was subjected while employed by Defendant.

57. More specifically, Plaintiff contacted the local police department to complain of racial discrimination and a racially motivated assault on Plaintiff by Defendant's White employee.

58. Plaintiff also complained to Defendant about the racially motivated assault by Defendant's White employee.

59. Plaintiff's complaints were made in good faith and were protected activities.

60. Under 42 U.S.C. 1981, Defendant was not permitted to retaliate against Plaintiff for her good faith complaints to Defendant and the local police.

61. Despite the provisions of 42 U.S.C. 1981, Defendant retaliated against Plaintiff with extreme prejudice in direct response to Plaintiff good faith complaints about racial discrimination.

62. Defendant terminated Plaintiff's employment because Plaintiff complained about racial discrimination.

63. But for Plaintiff's complaint to the local police about racial discrimination and a racially motivated assault, Defendant would not have terminated Plaintiff's employment.

64. Plaintiff was damaged as a direct result of Defendant's retaliatory behavior.

## Jury Demand and Prayer for Relief

WHEREFORE, Plaintiffs desires a trial by jury and judgment and all relief available under 42 U.S.C. 1981, including emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest, not back or front pay.

DATED this 26th day of January 2021.

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com